# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SCHOENMANN PRODUCE COMPANY, INC., *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-07-1776 |
| | § | |
| BNSF RAILWAY COMPANY, | § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant BNSF Railway Company's ("BNSF") Motion for Partial Summary Judgment [Doc. # 13]. Plaintiffs Schoenmann Produce Co., Inc., and Farming Technology, Inc., have responded [Doc. # 18]. BNSF has not replied and the deadline to do so has passed.[1] Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that BNSF's Motion is **granted in part** and **denied in part.**

### I.   FACTUAL BACKGROUND

Between June 5, 2006, and July 26, 2006, Plaintiffs, Texas companies that grow and ship produce, contracted with BNSF for the transportation and delivery of thirty-three shipments of potatoes from Bakersfield, California, to Houston, Texas.

---

[1]   *See* HON. NANCY F. ATLAS COURT PROC. 6(A)(4), http://www.txs.uscourts.gov/district/judges/nfa/nfa.pdf.

The potatoes were to be carried on refrigerated railcars that Plaintiffs assert were inspected and found to be operating properly prior to delivery of their produce to BNSF.  Plaintiffs claim that the potatoes were tendered to BNSF in good and marketable condition, but that upon arrival in Texas, they were found to be in varying stages of rot or otherwise damaged.  Plaintiffs allege that the damage was due to BNSF's failure to start the refrigeration units on the railcars and to ensure that the units were working properly while in route.  Plaintiffs bring suit against BNSF for violations of the Carmack Amendment, 49 U.S.C. § 14706 *et seq.*, and for negligent or intentional misrepresentation.  They also seek declaratory judgments regarding BNSF's rights and responsibilities under the shipping contracts at issue in this case.

**II.    LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).  In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the non-moving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak*, 953 F.2d at 913). However, if the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the

action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Instead, the non-moving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37

F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III. ANALYSIS

BNSF has moved for partial summary judgment, arguing that certain claims asserted by Plaintiffs are preempted by federal law and that the attorneys' fees and incidental and consequential damages sought by Plaintiffs are not recoverable under the Carmack Amendment or the contracts governing the shipments at issue.

### A. Preemption

Plaintiffs have asserted five causes of action: "Breach of Exempt Contract under Carmack Amendment," "Negligent Transportation under Carmack Amendment," "Action for Damages to Freight Transported in Interstate Commerce,"[2] "Negligent Misrepresentation[,] or in the Alternative[,] Intentional Misrepresentation," and "Action under the Uniform Declaratory Judgment Act." BNSF asserts that, to the extent any of these claims are based on state or common law, they are preempted under the Carmack Amendment. Plaintiffs do not dispute that the Carmack Amendment governs this dispute, and instead contest BNSF's characterization of their Complaint as alleging any state- or common law-based claims. Plaintiffs further argue that the preemptive effect of the Carmack Amendment does not reach their request for a declaratory judgment.

---

[2] Defendants do not dispute the validity of this claim.

The same parties in this case recently litigated the issue of federal preemption in this district before United States District Judge Lee Rosenthal. *See Schoenmann Produce Co. v. Burlington N. & Santa Fe Ry. Co*, 420 F. Supp. 2d 757 (S.D. Tex. 2006). Judge Rosenthal offered an extensive review and analysis of the preemptive effect of the Carmack Amendment, and concluded, under facts virtually identical to those at issue here,[3] that federal law preempted all of the state and common law claims raised in that case, including a misrepresentation claim identical to the claim alleged by Plaintiffs in this case. *See id.*, at 763–64. This Court has carefully reviewed Judge Rosenthal's published opinion and the cited precedent, and sees no reason to repeat or depart from her analysis or conclusions. The Court adopts the same reasoning; Plaintiffs may proceed only on claims arising under the Carmack Amendment.

The Court does not read Plaintiffs' "breach of contract" and "negligence" claims as grounded in state or common law, but to the extent that they rely on those theories, Plaintiffs must proceed under the federal law. *See Hopper Furs, Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261, 1264 (8th Cir. 1985) ("All actions against a common carrier, whether designated as tort or contract actions, are governed by the

---

[3] *See* Plaintiff's First Amended Petition [Doc. # 1], *Schoenmann Produce Co. v. Burlington N. & Santa Fe Ry. Co.*, No. 4:05-CV-1403 (S.D. Tex. Apr. 21, 2005). The Court takes judicial notice of the pleadings in this earlier action.

federal statute . . . ."). The Court recognizes that breach of contract or negligence principles may be relevant in establishing a claim or defense, though ultimately, Plaintiffs' recovery is limited to that permitted under the Carmack Amendment, which provides the "exclusive remedy" for losses incurred via the interstate transportation of goods by a common carrier. *Royal Air, Inc. v. AAA Cooper Transp., Inc.*, 395 F. Supp. 2d 436, 441 (W.D. La. 2005); *see Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (In order to establish a *prima facie* case under the Carmack Amendment for loss or damage to goods during interstate transportation, "the shipper must demonstrate: (1) delivery of the goods in good condition, (2) receipt by the consignee of less goods or damaged goods, and (3) the amount of damages."); *see also MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 479 (5th Cir. 2006) ("If the shipper establishes a *prima facie* case [for a cause of action under the Carmack Amendment], there is a rebuttable presumption of negligence [that t]he carrier can overcome . . . by showing that it was free from negligence *and* that the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority." (internal citations omitted)); *Air Products & Chem., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 484–85 (5th Cir. 1983) ("[T]he Carmack Amendment . . . provides an exclusive remedy for a breach of contract of carriage provided by a bill of lading.").

Similarly, Plaintiffs insist that their misrepresentation claim merely pleads a theory of relief under the Carmack Amendment. On this claim, the Court is unpersuaded. Courts have consistently held misrepresentation claims to be preempted by the Carmack Amendment, *see, e.g.*, *Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305, 307 (5th Cir. 1993); *Schoenmann Produce Co.*, 420 F. Supp. 2d at 763–64, and the Court has not identified a case in which common law misrepresentation theories have been relevant to recovery under the Carmack Amendment.

Moreover, courts have considered whether a misrepresentation claim—which arguably concerns conduct by a defendant *prior* to the signing of a shipping contract—may be alleged alongside a Carmack Amendment claim for losses under a shipping contract. Those courts have consistently concluded that the misrepresentation claims are too closely related to the shipping contracts to survive preemption. *See Berlanga v. Terrier Transp., Inc.*, 269 F. Supp. 2d 821, 830 (N.D. Tex. 2003); *Mayflower Transit, Inc. v. Weil, Gotshal & Manges, LLP*, No. 3:00-CV-0549-P, 2000 U.S. Dist. LEXIS 20299, at *10 (N.D. Tex. Oct. 18, 2000) (citing *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997)). Given the elements of a *prima facie* case under the Carmack Amendment, *see Hoskins*, 343 F.3d at 778, the Court finds that Plaintiffs' misrepresentation claim rests entirely on state or common law and hence, is preempted. Accordingly, BNSF is entitled to summary

judgment on this claim.

Plaintiffs' claim under the Texas Uniform Declaratory Judgment Act is also preempted.[4] Although shippers and carriers have sought declaratory judgments in cases implicating the Carmack Amendment, those judgments primarily concern whether the Carmack Amendment will apply to the case at hand. *See, e.g.*, *McLaughlin Transp. Sys., Inc. v. Rubinstein*, 390 F. Supp. 2d 50, 55 (D. Mass. 2005); *Mayflower Transit v. Troutt*, 332 F. Supp. 2d 971 (W.D. Tex. 2004)[5]; *Rehm v. Balt. Storage Co.*, 300 F. Supp. 2d 408, 411 (W.D. Va. 2004); *see also Diamond Transp. Group, Inc. v. Emerald Logistics Solutions, Inc.*, No. 05-3828, 2006 U.S. Dist. LEXIS 42918 (E.D. Pa. June 22, 2006). Where, as here, a party seeks a declaratory judgment concerning the parties' rights and responsibilities under a fully performed contract

---

[4] Plaintiffs seek declarations concerning, *inter alia*, "the parties' relationship under the contract for carriage, as well as the interpretation and enforcement of the rules of carriage and the contract between the parties." Complaint [Doc. # 1-3], ¶ 132.

[5] Although the *Mayflower* court did grant a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), concerning both the applicability of the Carmack Amendment to the dispute and the "rights, duties, and liabilities" of a shipper and carrier, *Mayflower Transit*, 332 F. Supp. 2d at 979, that case is distinguishable from the one here. In *Mayflower*, the parties potentially had future obligations to one another concerning a shipment of goods and sought a declaration to guide their future interactions. Importantly, the court was persuaded by the plaintiff-carrier's argument that a declaratory judgment would likely prevent future litigation by clarifying any outstanding duties the carrier owed to the shipper. *Id.* A declaratory judgment would also stop damages from accruing while the defendant-shipper considered filing its own suit against the carrier. *See id.*, at 981. In the case at bar, performance under the shipping contract is complete, losses have been alleged, and this case has been brought to fully litigate the entire controversy. As such, *Mayflower* does not counsel in favor of litigating Plaintiffs' state law declaratory judgment claim.

admittedly governed by the Carmack Amendment, the declaratory judgment claim is so closely related to the making, performance of, and recovery under the contract that it must be preempted by the federal law. *See Hoskins*, 343 F.3d at 778 ("Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*." (emphasis in original)). A declaratory judgment is unnecessary to resolution of this case, which will focus upon the parties' obligations to one another under the shipping contracts in light of applicable federal law. Thus, BNSF is entitled to summary judgment on this claim.

### B. Fees and Damages

BNSF next argues that recovery of attorneys' fees and incidental and consequential damages are precluded by the Carmack Amendment and the shipping contracts at issue in this case. Plaintiffs have conceded that attorneys' fees and consequential damages are not recoverable, but contend that they may still pursue incidental damages. Thus, Plaintiffs argue that they may recover their losses as measured by the fair market value of the potatoes at their point of destination rather than by the cost of the potatoes at their point of origin. BNSF has not replied to this argument and has not identified any language in the contracts governing the shipments at issue that would refute Plaintiffs' position.

The summary judgment evidence currently before the Court is insufficient for a determination of how Plaintiffs' damages, if any, should be measured. Thus, while BNSF is entitled to summary judgment with regard to attorneys' fees and consequential damages, summary judgment is denied as to whether Plaintiffs may recover incidental damages. In any event, regardless of how any damages are ultimately measured, Plaintiffs' losses will be governed by the Carmack Amendment, which limits recovery to "the actual loss or injury to the property . . . ." 49 U.S.C. § 14706(a)(1); *see also Morris v. Covan World Wide Moving*, 144 F.3d 377, 382 (5th Cir. 1998).

## IV.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that BNSF Railway Company's Motion for Partial Summary Judgment [Doc. # 13] is **GRANTED IN PART and DENIED IN PART**. Plaintiffs may proceed with claims arising under the Carmack Amendment, but their misrepresentation and declaratory judgment claims are dismissed. In addition, Plaintiffs may not seek to recover attorneys' fees or consequential damages. The Court does not rule on whether Plaintiffs' damages, if any, should be measured by the fair market value of their products at the point of origin or at the point of destination.

SIGNED at Houston, Texas, this **5**<sup>th</sup> day of **February, 2008**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge